## JOHN W. SIKES *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—619.]

**Indictment for Perjury.**

> An indictment for perjury is good which charges the accused with being sworn by the grand jury, and wilfully, knowingly and falsely testifying that he was not at the burying of "A" in company with "B"; nor did he leave said burying in company with "B," and that he made those statements to avoid discovering and testifying as to who it was that fired and carried the pistol and created disorder, the grand jury having under investigation the question as to who was guilty of said offense.

### APPEAL FROM ALLEN CIRCUIT COURT.

January 13, 1883.

OPINION BY JUDGE HARGIS:

This was an indictment under Gen. Stat. (1881), Ch. 29, Art. 8, § 2, charging the appellant with the offense of false swearing. The substance of the indictment is that the appellant was sworn by the grand jury, and wilfully, knowingly and falsely testified that he was not at the burying of Mrs. Marshall in company with John

Gore, nor did he leave said burying in company with John Gore, and that he made those statements to avoid discovering and testifying as to who it was that fired and carried the pistol and created disorder on the occasion of the burying, the grand jury having under investigation the question as to who was guilty of said offense.

'A demurrer was filed and properly overruled, because it does not matter whether or not appellant's testimony was alleged to be material to the establishment of the charge which was being examined by the grand jury, as it was relevant and given on a subject in which he could be legally sworn, and he was sworn by an officer (the foreman) authorized by law to administer an oath. This is all the statute requires to make out the guilt of any person who shall wilfully and knowingly swear, depose or give in evidence that which is false. Gen. Stat. (1881), Ch. 29, Art. 8, § 2. As the allegations of the indictment embrace these requirements it was good.

There are no exceptions to the instructions; besides, they give the law, as above interpreted, to the jury. Wherefore the judgment sentencing the appellant to the penitentiary one year as fixed by the verdict of the jury is *affirmed.*

*John H. Walker, John J. Gatewood, for appellant.*

*P. W. Hardin, for appellee.*